IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 4 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02579-BNB

WILLIE T. HAYES,

Plaintiff,

v.

THE CORRECTIONS CORPORATION OF AMERICA (CCA),
A-UNIT MANAGER C. WILKINSON,
CORRECTIONAL OFFICER BETTY JEAN SPENCER,
K.C.C.C. WARDEN HOYT BRILL (Kit Carson Correctional Center),
K.C.C.C. ASST. WARDEN B. SLOAN,
K.C.C.C. SECURITY CHIEF GALINDO,
CORRECTIONAL OFFICER N. DAVIS,
A.R. NURSE PRACTITIONER K. WILEY, and
MEDICAL SUPERVISOR STEGMAN,

Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Willie T. Hayes is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 (2003) and 28 U.S.C. § 1343 (1993). He asks for money damages.

The Court must construe the complaint liberally because Mr. Hayes is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Hayes will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hayes fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Quite simply, Mr. Hayes' complaint is verbose. Rather than summarizing each claim clearly and succinctly, Mr. Hayes, in

the section titled "C. Nature of the Case," offers a fifteen-page recitation of acts and events without stating clearly how his constitutional right or rights were violated.

He also asserts five claims with multiple subparts that relate to the recitation of acts and events. He objects to being celled with two other inmates and alleges that he was convicted on disciplinary charges for voicing such objections (first claim). He complains that Defendant C. Wilkinson, a unit manager, is racist and has retaliated against him, that he filed grievances against her for her actions, and that the grievances were denied (second claim). He contends that Defendants Betty Jean Spencer and N. Davis, correctional officers, assaulted him and charged him with false disciplinary charges. He complains that he was convicted on the disciplinary charges and sentenced to punitive segregation (third claim). He argues that Defendants have conspired against him on the basis of race (fourth claim). He complains that Defendants attempted to cover up a prison epidemic of the Helicobacter pylori bacteria (fifth claim).

Mr. Hayes apparently expects the Court to sift through the allegations in the section titled "C. Nature of the Case" and match the allegations with his five claims to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Hayes' responsibility to edit and organize his claims and supporting allegations into a manageable format that is not redundant or unnecessarily wordy. Neither the defendants nor the Court is required to do this work for him.

3

Mr. Hayes's complaint is deficient and subject to dismissal. Although the complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Hayes should be given an opportunity to file an amended complaint that clarifies the claims for relief he is asserting. Each claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Mr. Hayes's rights. He will be directed to do so below.

In the amended complaint he will be directed to file, Mr. Hayes must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. He must include facts pertinent to each claim with each claim. He also must make clear which claims are asserted pursuant to which statute.

In addition, it is not clear whether Mr. Hayes has exhausted each of his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust

4

administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Hayes is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Hayes must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Hayes has failed to exhaust administrative remedies for any one of his claims or any subpart to one of his claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Hayes and to all inmates, *see* DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.  The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.  Therefore, Mr. Hayes will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Finally, Mr. Hayes is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Hayes should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Mr. Hayes file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Mr. Hayes, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Hayes shall submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Hayes fails to comply with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 24, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  05-cv-02579-BNB

Willie T. Hayes
Prisoner No. 46754
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___7-24-06___

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk